**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**


**ALYSHA BROUSSARD**                                                                **PLAINTIFF**

**VS.**                                               Civil Action No. 1:16cv44 LG-RHW

**CLYDE YOUNG and**
**SANDERSON FARMS, INC.**                                              **DEFENDANTS**

---

**SEPARATE ANSWER AND DEFENSES OF DEFENDANT**
**SANDERSON FARMS, INC., TO PLAINTIFF'S COMPLAINT**

---

COMES NOW Defendant Sanderson Farms, Inc. ("Defendant") (incorrectly designated as the proper defendant in lieu of Sanderson Farms, Inc. (Production Division), the proper defendant), by and through counsel, and files this its separate answer and defenses to the complaint filed against it herein, as follows:

### FIRST DEFENSE

Defendant alleges lack of personal jurisdiction and moves for dismissal.

### SECOND DEFENSE

Defendant alleges improper venue and moves for dismissal or transfer to the Eastern Division.

### THIRD DEFENSE

Defendant alleges an insufficiency of process and/or service of process and moves for dismissal.

### FOURTH DEFENSE

Plaintiff's complaint fails to state a claim against Defendant upon which relief can be granted, and Defendant moves for dismissal.

**FIFTH DEFENSE**

Defendant alleges a misjoinder of parties and/or claims and moves for dismissal.

**SIXTH DEFENSE**

AND NOW, without waiving the above and foregoing defenses, and responding to Plaintiff's complaint paragraph by paragraph, Defendant answers and alleges as follows:

Defendant is without knowledge or information sufficient to form a belief as to the allegations of age and domicile contained in the first unnumbered paragraph preceding the section labeled "PARTIES" and commencing "COMES NOW" and therefore denies the same. The remaining allegations contained in the first unnumbered paragraph preceding the section labeled "PARTIES" and commencing "COMES NOW" appear to be statements of intent and as such require no response from Defendant. If, however, Defendant is mistaken in its belief, and the remaining allegations contained in the first unnumbered paragraph preceding the section labeled "PARTIES" and commencing "COMES NOW" are intended to or do adversely affect it, then Defendant denies all such allegations.

I.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph I of Plaintiff's complaint and therefore denies the same.

II.

Except to state on information and belief that Clyde Young is an adult resident citizen of Walthall County, Mississippi, and that he was the driver of the truck involved in the accident made the subject of Plaintiff's complaint, Defendant denies the allegations contained in Paragraph II of Plaintiff's complaint and specifically denies that Clyde Young caused the accident made the subject of Plaintiff's complaint.

III.

Except to state that Sanderson Farms, Inc., is a Mississippi corporation and that Clyde Young was an employee of Sanderson Farms, Inc. (Production Division) and not Sanderson Farms, Inc., at the time of the accident made the subject of Plaintiff's complaint, Defendant denies the allegations contained in Paragraph III of Plaintiff's complaint, and Defendant specifically denies that it was the owner of the truck driven by Clyde Young and further specifically denies that Clyde Young or the truck he was driving caused the accident made the subject of Plaintiff's complaint.

IV.

Except to state that the United States District Court for the Southern District of Mississippi, Eastern Division, has subject matter jurisdiction over this matter, Defendant denies the allegations contained in Paragraph IV of Plaintiff's complaint.

V.

Defendant states that on or about January 8, 2016, Clyde Young was operating an 18-wheeler in a generally northbound direction on Turnage Chapel Road.  Upon reaching the stop sign on the south side of the intersection of Turnage Chapel Road and New Hope Church Road, Mr. Young came to a complete stop and looked both directions.  Seeing no vehicles or headlights approaching from either direction, Mr. Young proceeded northbound through the intersection.  At that time, Alysha Broussard, who on information and belief was operating her vehicle in a generally northeasterly direction on New Hope Church Road at an unsafe rate of speed, without keeping a proper lookout, and/or without headlights, drove her vehicle into the left side of the trailer being pulled by Mr. Young, thereby causing this accident.  Defendant admits on information and belief that Ms. Broussard did not have a stop sign and states that the law, where applicable, will speak for itself.  Defendant denies the remaining allegations contained in Paragraph V of

3

Plaintiff's complaint, and Defendant specifically denies that Clyde Young "disregarded a stop sign" and further specifically denies that Mr. Young caused the accident made the subject of Plaintiff's complaint.

VI.

Defendant denies the allegations contained in Paragraph VI and Sub-paragraphs (a) through (d) of Paragraph VI of Plaintiff's complaint, and Defendant specifically denies that Clyde Young was negligent in the premises and further specifically denies that he caused the accident or alleged injuries made the subject of Plaintiff's complaint.

VII.

Defendant denies the allegations contained in Paragraph VII and Sub-paragraphs (a) through (c) of Paragraph VII of Plaintiff's complaint, and Defendant specifically denies that it was negligent in the premises and further specifically denies that it caused the accident or alleged injuries made the subject of Plaintiff's complaint.

VIII.

Defendant states that Clyde Young was an employee of Sanderson Farms, Inc. (Production Division) and not Sanderson Farms, Inc., at the time of the accident made the subject of Plaintiff's complaint and that he was then acting in the course and scope of his employment with Sanderson Farms, Inc. (Production Division).  Defendant further states that the law, where applicable, will speak for itself.  Defendant denies any and all liability, vicarious or otherwise, in the premises. The remaining allegations contained in Paragraph VIII of Plaintiff's complaint appear to be statements of intent and as such require no response from Defendant.  If, however, Defendant is mistaken in its belief, and the remaining allegations contained in Paragraph VIII of Plaintiff's complaint are intended to or do adversely affect it, then Defendant denies all such allegations.

IX.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph IX of Plaintiff's complaint and therefore denies the same, and Defendant specifically denies that it or its employees or agents caused any harm to Plaintiff in the premises.

X.

Defendant denies the allegations contained in Paragraph X and Sub-paragraphs (a) through (f) of Paragraph X of Plaintiff's complaint, and Defendant specifically denies that it or its employees or agents are liable to Plaintiff for any damages alleged in Paragraph X and Sub-paragraphs (a) through (f) of Paragraph X of Plaintiff's complaint.

XI.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph XI of Plaintiff's complaint and therefore denies the same, and Defendant specifically denies that it or its employees or agents caused any harm to Plaintiff in the premises and further specifically denies that it or its employees or agents are liable to Plaintiff for any damages alleged in Paragraph XI of Plaintiff's complaint.

XII.

The allegations contained in Paragraph XII of Plaintiff's complaint appear to be statements of intent and as such require no response from Defendant.  If, however, Defendant is mistaken in its belief, and the allegations contained in Paragraph XII of Plaintiff's complaint require a response, then Defendant denies any and all liability in the premises and states that it likewise demands a trial by jury.

Defendant denies the allegations contained in the unnumbered paragraph following Paragraph XII of Plaintiff's complaint, commencing "WHEREFORE," and Defendant denies that Plaintiff is entitled to a judgment, damages, attorneys' fees, interest, costs, or to any sum or relief whatsoever of, from, or against Defendant herein.

## SEVENTH DEFENSE

Defendant denies each and every allegation of Plaintiff's complaint by which Plaintiff seeks to impose liability upon Defendant, and Defendant denies that it has been or can be guilty of any actionable conduct in the premises.

## EIGHTH DEFENSE

Defendant alleges that the injuries and/or damages alleged by Plaintiff resulted, if at all, from the acts or omissions of others, including Plaintiff, and/or from occurrences for which Defendant is not liable or responsible.

## NINTH DEFENSE

Defendant alleges that Plaintiff failed to exercise due care for her own safety and that such failure caused or contributed to the injuries and/or damages alleged herein, and Defendant hereby invokes the doctrine of contributory negligence and the provisions and protections of MISS. CODE ANN. § 11-7-15 in bar of Plaintiff's claims.

## TENTH DEFENSE

Defendant alleges that Plaintiff's alleged injuries and/or damages may be attributable to others for whose acts and/or omissions Defendant has and can have no liability and which acts and/or omissions, if any, constituted the efficient, independent, intervening, or superseding sole proximate cause or contributing cause of Plaintiff's alleged injuries and/or damages, if any, and Plaintiff may not recover against Defendant.

**ELEVENTH DEFENSE**

Defendant invokes all rights and protections afforded to it under the Mississippi Tort Reform Act of 2004.

**TWELFTH DEFENSE**

Defendant alleges that Plaintiff may have failed to mitigate her damages, if any.

**THIRTEENTH DEFENSE**

Defendant invokes all rights and protections afforded to it under MISS. CODE ANN. § 85-5-7.

**FOURTEENTH DEFENSE**

Defendant alleges that Plaintiff's alleged injuries and/or damages resulted solely and/or proximately, if at all, from underlying and/or pre-existing health conditions and/or other conditions or circumstances for which Defendant is not responsible and for which it has and can have no liability.

**FIFTEENTH DEFENSE**

Defendant invokes the provisions and protections of MISS. CODE ANN. § 11-1-60 in bar of Plaintiff's claims.

**SIXTEENTH DEFENSE**

To the extent Plaintiff seeks an award of punitive damages, Defendant alleges that Mississippi law and procedure concerning punitive damages are violative of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article III, Section 14, and other provisions of the Mississippi Constitution. The absence of clearly defined, objective criteria addressing the awardability and amount of punitive damages and which are capable of reasonable application precludes the submission of punitive

damages to the trier of fact.  The constitutional invalidity of Mississippi's punitive damages system denies the defendant the right to due process, equal protection, and access to the court.

## SEVENTEENTH DEFENSE

To the extent Plaintiff seeks an award of punitive damages, Defendant asserts that any such claim for punitive damages is governed and limited by MISS. CODE ANN. § 11-1-65, and Defendant hereby pleads and invokes the provisions of same, including but not limited to the bifurcation of punitive damages from other issues in this cause.

## EIGHTEENTH DEFENSE

Defendant reserves the right to amend its answer and defenses to add defenses and/or institute third-party actions as additional facts are developed through discovery.  Defendant does not waive and further reserves any and all affirmative defenses set forth in the Mississippi Code and/or Mississippi case law, including but not limited to those set forth in Rule 8(c), *Federal Rules of Civil Procedure*, or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

**AND NOW**, having fully answered the complaint filed against it herein, Defendant Sanderson Farms, Inc., respectfully requests that it be dismissed with prejudice from this action with its costs assessed to Plaintiff.

THIS the 14th day of March, 2016.

Respectfully submitted,

SANDERSON FARMS, INC., DEFENDANT


BY: /s/ Jason P. Varnado
    JASON P. VARNADO (MSB #103839)
    REX M. SHANNON III (MSB #102974)

8

OF COUNSEL:

WISE CARTER CHILD & CARAWAY, P.A.
600 HERITAGE BUILDING
401 EAST CAPITOL STREET
POST OFFICE BOX 651
JACKSON, MISSISSIPPI  39205-0651
TEL:  (601) 968-5500
FAX:  (601) 944-7738
jpv@wisecarter.com
rms@wisecarter.com

ATTORNEYS FOR DEFENDANT SANDERSON FARMS, INC.

## CERTIFICATE OF SERVICE

I, Jason P. Varnado, one of the attorneys for Defendant Sanderson Farms, Inc., do hereby certify that I have this date caused to be served, via the Court's electronic filing system, a true and correct copy of the above and foregoing to the following and to those parties registered as CM/ECF participants:

Robert B. Wiygul
WALTZER WIYGUL & GARSIDE, LLC
1011 Iberville Drive
Ocean Springs, Mississippi  39564

Cheryl L. Wild
WALTZER WIYGUL & GARSIDE, LLC
14399 Chef Menteur Highway #D
New Orleans, Louisiana  70129

ATTORNEYS FOR PLAINTIFF

THIS the 14th day of March, 2016.

/s/ Jason P. Varnado
JASON P. VARNADO